TATE, Judge.
This suit results from an intersectional collision between an automobile driven by Mrs. Frances Stephens and a motor bicycle operated by Albert Ratliff, Jr., an eleven year old boy. The boy’s father brings suit to recover for young Ratliff’s personal injuries. The defendant is the liability insurer of the Stephens’s automobile.
The trial court dismissed the plaintiff’s suit, holding that the accident resulted from the concurring negligence of both young Ratliff and Mrs. Stephens. The plaintiff appeals, urging that the trial court erred in holding young Ratliff contributorily negligent.
Prior to the accident, Mrs. Stephens was approaching the intersection on the favored street. Young Ratliff’s entrance into the intersection from the sidestreet was inhibited by a stop sign. Neither operator saw the other before the collision, which occurred as the right front of Mrs. Stephens’ vehicle struck the center of the motor bicycle after the motor bike had almost completed the crossing of the relatively narrow (26/-28/) favored street.
Accepting for purposes of this appeal the contention that Mrs. Stephens was negligent because of her slightly excessive speed (20-25 mph in a 15 mph zone), we find no error in the trial court’s finding that, nevertheless, young Ratliff was con-tributorily negligent so as to bar his recovery, in that he entered the intersection, despite the stop sign, when Mrs. Stephens, with the superior right of way, was so close as to make a collision virtually unavoidable unless she made an emergency stop. Young Ratliff’s contributory negligence consisted, as the trial court held, in his failing to observe the near approach *101 of .the Stephens’s vehicle with the superior right of way, and in his consequent imprudent entry from the side street into the immediate path of this right of way vehicle.
While able counsel further contends that Mrs. Stephens had the last clear chance to avoid the accident, the evidence reflects that, allowing for reaction time, she could not reasonably have avoided the accident after the motor bike suddenly entered the intersection towards and across her path. The last clear chance doctrine, therefore, is inapplicable. Fontenot v. Travelers Indemnity Co., La.App. 3 Cir., 134 So.2d 330.
For the foregoing reásons, we affirm the dismissal of the plaintiffs suit, at his cost.
Affirmed.